IN RE THE CONSTITUTIONALITY OF SENATE BILL No. 69.

PRESCRIBING RAILROAD RATES FOR CARRIAGE OF FREIGHT AND PAS-
SENGERS.— Under the act incorporating the C. C. R. R. Co., the leg-
islature may prescribe rates for the carriage of freight and passen-
gers by said company, without violating constitutional provisions.

The following statement sufficiently explains the ques-
tion propounded : The Colorado Central Railroad Company
was incorporated in 1865 under a special charter and at
once proceeded to the construction and operation of its
railroad.   One section of the special charter provided that
" The legislative assembly    *   *   *   may after the expi-
ration of twenty-five years from the passage of this act,
and at the expiration of each period of twenty years there-
after, prescribe rates to be charged and collected by said
corporation for transporting passengers and freight over
said road and the branches thereof." ' The twenty-five years
mentioned having expired, the bill submitted to the court
for its opinion was introduced for the purpose of prescrib-
ing rates for the carriage of freight and passengers in ac-
cordance with the power expressly reserved by the pro-
vision mentioned.

PER CURIAM.   The court is asked, generally, if the bill
referred to in the interrogatory propounded be constitu-
tional.   The question is indefinite in not specifying some
particular provision or provisions of the constitution under
which the honorable senators doubt the validity of the con-
templated legislation.   But upon oral argument by counsel,
*amici curiæ*, the following sections of that instrument were
alone relied on, viz.: 2 and 3 of article 15, and 25 of article 5.
Our answer is accordingly limited.

The special legislative charter of the Colorado Central
Railroad Company remained in force after the adoption of
the constitution.   And we are advised that the company
has never signified its acceptance of the provisions of the
constitution in the manner specified by section 7, article 15

of that instrument. The proposed legislation is undoubtedly special; but under the circumstances here presented we do not think its validity will be affected by the constitutional inhibitions mentioned, two of which deal with this subject.

The question propounded is therefore answered in the affirmative.